UNITED STATES v. LEHN & FINK.

LEHN & FINK v. UNITED STATES.

(Circuit Court, S. D. New York.    May 19, 1909.)

Nos. 5,429, 5,430.

1. CUSTOMS DUTIES (§ 24*)—CLASSIFICATION—BALSAM IN CAPSULES—"MEDICINAL PREPARATIONS."

Gelatin capsules containing balsam are dutiable as "medicinal preparations," under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 68, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 24.*

For other definitions, see Words and Phrases, vol. 5, pp. 4465, 4466; vol. 8, p. 7720.]

2. CUSTOMS DUTIES (§ 38*)—CLASSIFICATION—"CRUDE DRUGS NOT ADVANCED IN VALUE OR CONDITION."

Where the process of placing crude balsam in gelatin capsules has resulted in an article with a greater value and an improved condition, the combination is not classible as "crude drugs not advanced in value or condition," within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 548, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1683).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 38.*]

3. CUSTOMS DUTIES (§ 24*)—CLASSIFICATION—"BALSAMS ADVANCED IN VALUE OR CONDITION."

 Balsam in gelatin capsules cannot be considered simply as balsam and classified as "balsams * * * advanced in value or condition," under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 20, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1628), because nothing whatever has been done to the balsam itself.

 [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 24.*]

4. CUSTOMS DUTIES (§ 47*)—CLASSIFICATION—CAPSULES FILLED—"COVERINGS."

 Gelatin capsules containing a medicine are not "coverings," within the meaning of the tariff laws, not being for transportation, but an essential part of the article.

 [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 47.*

 For other definitions, see Words and Phrases, vol. 2, p. 1705.]

On Application for Review of a Decision by the Board of United States General Appraisers.

These are cross-appeals from a decision reported as G. A. 6,837 (T. D. 29,408) and relating to merchandise imported at the port of New York. This merchandise was classified by the collector of customs as a medicinal preparation, under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 68, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631). The Board held it dutiable under paragraph 20, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1628), relating to drugs such as "balsams * * * advanced in value or condition." The government contends in its appeal that the collector's assessment was correct. The importers contend that their further claim for free entry should have been sustained under the provision in section 2, Free List, par. 548, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1683), for drugs, including "balsams, * * * in a crude state and not advanced in value or condition."

D. Frank Lloyd, Asst. U. S. Atty.
Brown & Gerry (Everit Brown, of counsel), for importers.

PLATT, District Judge. The articles imported are gelatin capsules containing balsam. The capsules by themselves would come under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 450, 30 Stat. 193 (U. S. Comp. St. 1901, p. 1678). The contents of each capsule is confessedly balsam, a crude drug, free under paragraph 548. The balsam has not been advanced in condition or value by any process applied to the drug itself. The crude balsam is put in the capsule, and the combination, as imported, has by reason of such treatment a greater value and its condition is improved. The thing imported cannot, therefore, by any twist of logic be tortured into balsam crude and nothing more. It is balsam crude plus the gelatin covering, which is an essential and necessary part of the imported article, and cannot be called a convenient or usual covering for the purposes of transportation. The article imported, therefore, is taken out of paragraph 548. Neither is it balsam advanced in condition or value by refining, grinding, or other process, because nothing whatever has been done to the balsam itself. It cannot, therefore, be classified under paragraph 20. It is agreed, I be-

lieve, by all parties, that it is a medicinal preparation not containing alcohol; and, as Congress does not seem to have provided for it in any other place, it would seem to me to fall properly within paragraph 68, where it is placed.

The decision of the Board of General Appraisers is reversed, and the merchandise held subject to duty as a medicinal preparation not containing alcohol, under paragraph 68 of the tariff act, as assessed by the collector.